## SUPREME COURT, COUNTY OF DELAWARE.

JOSEPH H. RAMSEY,
*Plaintiff,*

*against*

JAY GOULD, JAMES FISK, Junior, FREDERICK A. LANE, ABRAM GOULD, M. R. SIMONS, GEORGE C. HALL, HENRY N. SMITH, CHARLES G. SISSON, HENRY H. MARTIN, JAMES B. BACH, and THE ERIE RAILWAY COMPANY.

*Defendants.*

On reading and filing the complaint herein, and the affidavits of Joseph H. Ramsey, Charles W. Douglas, Jackson S. Schultz and Ossian D. Ashley, and it thereby appearing to this court that money, property and claims of and in favor of the Erie Railway Company and its creditors are allowed by said company and its directors and officers, as set forth in the complaint, or otherwise, to be left with one or more of the defendants or other persons therein referred to, or not collected or properly cared for, and whereby the same are in peril of being lost, and it being uncertain to whom the same will belong when collected,

Now, on motion of Mr. Henry Smith, of counsel for the plaintiff, it is ordered.

(1.) That David Groesbeck, of the city of New York, be and he is hereby appointed special receiver of all said money, property and claims (and of the proceeds thereof), to be collected, realized, held and disposed of for the benefit of the Erie Railway Company or its creditors herein provided, or as the court may order herein ; the said money, property and claims to include all sums which any defendant holds, owes or should pay, or is responsible for by reason of any wrongful act, abuse of trust, or omission of duty mentioned or referred to in the complaint, or which may or might be recovered or be adjudged in this or a like suit.

(2.) That said special receiver be authorized to demand and receive all said money and property and the payment of all said claims; and that with the leave of the court in this suit, he be authorized to institute and maintain suits and proceedings in his name as special receiver in aid of the objects of this suit, for the collection and possession of any such claim, money or property; and that he may pay from the same his own proper expenses and disbursements for services and otherwise in this suit, in any such suit or proceedings, and in and about the discharge of his duty as special receiver.

(3.) That said special receiver, by himself, and persons to be employed by him, make examination of the books, records, vouchers and papers of the Erie Railway Company, its directors and officers, and for such purpose have access to the same, and to its offices and apartments, and those it has occupied, so as to enable him to ascertain the facts as to the issue of its stock, the time, amount, price and particulars of the creation, conversion, issue and sale of bonds, and as to their proceeds, and as to the subject matter of his special receivership generally; that he make report to this court of the result of such examination; that the Erie Railway Company, its directors, officers and agents, allow and facilitate such examination; that its treasurer and other financial officers and agents, and its secretary and stock transfer agents give said special receiver all the aid and information in their power in respect of the subject of his examination.

(4.) That said special receiver afford all information in his power, and aid as he may be able, in the proper prosecution of this suit, and be at liberty to apply to this court for directions from time to time in the discharge of his duty.

(5.) That any moneys received by him as such special receiver (beyond any amount needed for his payments) be kept by him on deposit in suitable banks or trust companies, to his order as special receiver.

Ramsey agt. the Erie Railway Co.

(6.) That said special receiver execute his bond to the people of this state in the sum of one million of dollars, conditioned for the faithtul performance of his duty as special receiver herein, with one or more sureties; said bond to be approved by a justice of this court, and to be filed in the office of the clerk of the county of Delaware.

*Secondly.*—And it further appearing to this court, that if the board of directors of the Erie Railway Company should omit to meet, or neglect to take charge of, and give necessary attention to its affairs, for the protection of its property, and the discharge of their functions; or if such number of the unsuspended directors should resign, or omit or refuse to attend meetings of the board, so that no quorum and legal action could be secured, that in either event the public interests would be seriously prejudiced, and said company and its creditors would suffer great loss.

And it further appearing to this court that said company is in a perilous condition, and that there is imminent danger of some such event, and that upon the happening thereof, there should be a receiver of this court ready and competent, and whose right and duty it shall then be, to enter at once into possession of the property, and upon the exeicise of the franchises of said company, with the powers hereinafter mentioned, but that said receiver should not demand such possession nor exercise such powers until the happening of any such event.

Now, therefore, (subject to the limitations last aforesaid as to taking possession,) it is further ordered that a receiver be, and the said David Groesbeck is hereby appointed receiver of the Erie Railway Company, and of the railroad, real and personal property and estate and franchises of said company, and of all powers, rights, privilges and authority thereto appertaining, (except the franchise of being a corporation,) and of the rents, tolls and income of said corporation, and of its title deeds, leases, contracts and leased property, and of the rights thereunder, wherever any

or all of the said property, income, tolls, rents, powers and
franchises may be situated, collected, exercised or enjoyed,
and whether in the state of New York, Pennsylvania or
New Jersey, (as the laws of the two last named states al-
low,) and of all the funds, assets, deposits, claims, choses
in action, books, papers and vouchers of or belonging to
said company, excepting those of which a special receiver
is herein appointed; all power and authority hereunder to
be held and exercised for the public convenience, and for
the protection of those interested in said company. And
that said receiver be, and he is hereby authorized to run
and operate said road, and all roads and branches and fer-
ries, steamboat. lines, including the Pavonia ferry, now
leased or operated by the Erie Railway Company, or under
its control; to exercise said authority and franchises; to
preserve said property in proper condition; to repair and
renew all existing structures, and to make all requisite ad-
ditional structures as may be needful and proper for safe
and efficient transportation on said roads and branches; and
to do all proper acts and take all proper measures for pro-
tecting and securing the possession, use and enjoyment of
what he shall or should receive hereunder, and for promot-
ing the business of said company; and he is hereby author-
ized to retain and employ all such persons, and to take such
advice as may be reasonably needful and proper in and
about the discharge of his duties under this order, and
generally to do and cause to be done, in respect of the pro-
perty, franchises, rights and contracts, and of whatever else
of which he is appointed a receiver, any and all things
which, but for this order, might be or should be done by
said company, or by any one on its behalf, including the
compromise and adjustment of all claims, (save those of
which a special receiver is appointed,) and the direction
and control, on behalf of said company, of all suits and
legal proceedings now or to be pending by or against said
company; and all attorneys and counsel now representing

said corporation are required to act in the prosecution and defense of such suits and proceedings under the direction of said receiver, and on his request to give . place to others.

That he be authorized to settle and adjust and satisfy all claims for damages, injuries and loss to persons and property, or otherwise, that may arise under or be claimed against him as receiver, (in any case where he has not been guilty of a breach of trust,( and that he be authorized to pay such sums from the property of his receivership.

That the said receiver is authorized to institute such suits and proceedings in this state, and elsewhere, as in his judgment and by the advice of counsel shall be proper and for the advantage of the property and rights to him committed and to pay the proper expenses of the same, and also any judgment that may be recovered against him as such receiver in any such suit, and to defend all suits and proceedings affecting his receivership ; and in all cases in which he has any reasonable doubt as to his duty, to apply to this court in this suit for his instructions.

That in and about the discharge of his duties, such receiver shall not dispute the validity of any of the mortgages of the said corporation, (or of the New York and Erie Rail Road Company,) or of the bonds secured thereby, or of its sterling bonds.

Said receiver is hereby authorized, upon taking possession as receiver, to at once enter into and upon, and take possession of, the apartments and offices of, or occupied by said company, and of the contents thereof, of all the property, premises, erections, ferry-boats, and of whatever is thereon or therein belonging to said company, or of which it has the right of possession or control, and whether the same be held by lease or otherwise, and of every thing of which he is appointed receiver ; to require of its president, directors, officers and agents and employees, a delivery and surrender to him of whatever they or either of them have or hold by virtue of their relations to said company or be-

longing thereto, and that said receiver may take all proper proceedings for the recovery of the same, in whatever states it may be necessary to proceed.

And it is further ordered, that the Erie Railway company, its directors, officers, employees and agents, and also all persons, banks and other corporations, having in their possession, or under their control, any of the money, funds, property or estate, real or personal, of the Erie Railway Company, (or deposited, to its credit,) or any bank books, papers, vouchers, securities or effects of any nature or kind whatsoever belonging to or used by the Erie Railway Company, do forthwith, upon such receiver demanding possession under this order, deliver the same to said receiver, and recognize his authority, and he is hereby authorized to take possession thereof; and his receipt given to any holder of any money, books, papers, or other property of said company, or of any other thing of which he is appointed receiver, surrendered to him, shall be a sufficient voucher and discharge to such holder, and to the persons so surrendering the same.

And it is further ordered, that Philo T. Ruggles, of the city of New York, Esq., a counsellor of this court, be and he is appointed referee in this action for the purposes of this order, and that the directors, officers, employees and agents of said company, and its and their clerks, attorneys and agents, and every other person or corporation having in his possession, or under his or its control, any of the money, funds, securities books, papers and property or effects of said company, or derived for its benefit from the sale of its stock or bonds or other property; and all persons who may be summoned by said referee, or subpœnaed to attend before him, do attend personally before him at such time or times, and at such place or places as he may designate, and produce such books and papers as may, by any subpœna approved by him, be required, and then and there, and at the times to which such examination may be adjourned, and

from time to time, before him submit to examination on oath touching the affairs of said company, all such property, books, papers, stock and effects, and the custody, disposition and proceeds thereof, and state his and its knowledge or information of the same, and do forthwith deliver to said receiver or special receiver, (as may be proper under this order,) all property, funds, books, papers, security and effects of said company which may be in the possession or under the control of the party or parties so summoned or subpœnaed, and also the proceeds of any property or effects, stock or choses in action of said company which may have been received by such person or persons, or may be under his or their control, and that these provisions as to such reference and attending, being examined, and the production of books and papers before him, apply as well to matters relative to such special receivership as to such receivership.

And it is further ordered, that said receiver do pay the interest on the mortgage bonds of the Erie Railway Company, and on the bonds secured by mortgage on the real estate of said company, or of the Long Dock Company; that he pay the proper rents and all sums payable to the state of Pennsylvania, and all assessments and taxes, and a proper compensation for, and the expenses of the proceedings for his appointment in either capacity hereunder; and that he be authorized to refund all back freights and charges on property received, and all ticket balances, and generally that he make all payments reasonably necessary and proper for the security and protection of whatever he is appointed receiver of, or may be reasonably needful about the discharge of his duties as receiver, and the efficient operation of said road and leased roads.

That moneys received by said receiver, so far as not used about his trust, be kept on deposit to his order in some secure bank or banks, or trust companies in the city of New York.

And it is further ordered, that the said receiver, acting under or in pursuance of this order, in good faith and with ordinary care and prudence, shall not be individually liable for any breach of, or upon any contract entered into by him as such receiver, or for any injury to persons or property, or for the faults or negligence of his subordinates, or for any loss, damage or liability not occasioned by his own gross neglect or wilful misconduct.

And it is further ordered:

*Firstly.*—That said receiver, or special receiver, do cause to be prepared and file a statement containing a list of all the stock of said company, and convertible bonds made or issued since September, 1868, stating the time the same was issued, and the leading facts relative to the creation and issue thereof.

*Secondly.*—That said receiver do prepare and file a statement to be verified by him, of all the money and funds which he shall receive upon entering upon the discharge of his trust as receiver, stating therein, where he found and from whom he received the same respectively.

*Thirdly.*—That said receiver do cause to be prepared and file a general schedule, under oath, of the rolling stock, specifying the amount of each kind, and generally of the supplies, fuel, material, furniture and other miscellaneous personal property of said Erie Railway Company, which he may receive as receiver. And that he also file a statement of what he shall receive as special receiver. That the same be filed, when made, with the clerk of said county of Delaware.

And it is further ordered, that the directors, officers, agents and employees of said company, and all other persons, do refrain from interfering with, or obstructing said receiver, or his possession or use of all said offices, premises, franchises and property, and in taking possession of the same.

That said receiver, at the end of the month next suc-

ceeding that in which he shall take possession as receiver, do file with the clerk of said county, an account, entitled in this suit, and under oath, of the moneys, earnings and income received by him, and of the disposition made of the same, during the month in which he took such possession ; and that at the end of each succeeding month, he do file a like account for the month next succeeding that covered by the last account.

And it is further ordered, that said bond be conditioned for the faithful performance of the duty of said receiver as well as special receiver; and that said special receiver keep books of account of his money, property and transactions separately, in his capacity as special receiver and receiver.

At a special term of the supreme court of the state of New York, held at Delhi, in the county of Delaware, on the 23d day of November, 1869.

*Present.*—Hon. WILLIAM MURRAY, JR., *Justice.*

## SUPREME COURT, COUNTY OF DELAWARE.

JOSEPH H. RAMSEY,
            *Plaintiff,*
        against
JAY GOULD, JAMES FISK, Junior, FREDERICK A. LANE, ABRAM GOULD, M. R. SIMONS, GEORGE C. HALL, HENRY N. SMITH, CHARLES G. SISSON, HENRY H. MARTIN JAMES B. BACH and THE ERIE RAILWAY COMPANY,
            *Defendants.*

A motion having been made on the complaint herein, and on the affidavits of Joseph H. Ramsey, Charles W. Douglas, Jackson S. Schultz and Ossian D. Ashley, for the sus-